W. H. CLARK ET AL., PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, EX REL. JOHN S. DUNHAM, DEFENDANT IN ERROR.

1. **Liquors:** REMONSTRANCE. Where a remonstrance is filed with a village board against the issuance of license to a particular applicant to sell intoxicating liquors, it is the duty of such board to set a time for the hearing of such remonstrance, and to grant the persons so remonstrating a reasonable time to produce their testimony.

2. **Mandamus.** When the right is *clear*, a judge at chambers within his district may, under the statute, grant a peremptory writ of mandamus.

ERROR to the district court for Merrick county. Tried below before POST, J.

*G. G. Bowman* and *Sullivan & Reeder*, for plaintiff in error.

No appearance for defendant in error.

BY THE COURT.

The question presented in this case is, the authority of a judge of the district court to grant a peremptory writ of mandamus in a county in his district other than that in which the respondents reside. The facts as shown by the record are as follows: "On the 25th day of May, 1887, John S. Dunham, relator, made an application to Hon. A. M. Post, one of the judges of the district court of the fourth judicial district, for a writ of mandamus requiring respondents to convene in session and set a day for hearing the petition of one R. R. Douglas to sell malt, spirituous, and vinous liquors in the village of Clarks, and a certain remonstrance against issuing said license." The objections of the remonstrators were, that Douglas was not the real party for whose benefit the license was to be issued, but that one Lomax, who for cause had previously been refused a license, was in fact to be the beneficiary. On the day set for the hearing the remonstrants asked one or two days further time in order to produce their proof. This the village authorities refused, but after a show of fairness proceeded to issue the license. There is but little dispute as to the facts—the principal question being as to the reasonableness of the delay sought. A reasonable time should be given in all cases to both parties to produce their witnesses. It is important that the sale of intoxicating liquor be confined to persons who will observe the law in all respects, and who have not been guilty of previous violations of the same. Therefore, when charges are made against a party of a character to call for an investigation, the fullest opportunity should be given all parties to present their proof, both in support of and to disprove the charge. The object of the investigation is to ascertain the facts, and this can only be done upon full and fair examination of the evidence. The village board is presumed to be anxious to promote the peace and welfare of the municipality which

it represents and governs, and therefore will not grant a license to any person who has shown by his previous conduct that he will disregard the law. All parties, therefore, are interested in having a reasonable time in which to produce testimony.

2d. When the right is *clear*, there is no doubt under our statute that a judge at chambers within his district may grant a peremptory writ of mandamus. The statute expressly confers this power, and its exercise is frequently necessary to prevent a failure of justice. The right of the relator to the relief sought is clear, and the judge did not err in granting the writ. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.